**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JESSE J. WALTON,

               Plaintiff,               Case Number: 2:10-CV-14167

v.                                    HON. VICTORIA A. ROBERTS

ULYSSES S. BOYKIN,

               Defendants.
                                        /

## ORDER OF SUMMARY DISMISSAL

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Jesse J. Walton is incarcerated at Baraga Maximum Correctional Facility in Baraga, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

### I. Background

Plaintiff names the following defendants: 3rd Circuit Court Judge Ulysses W. Boykin, 32nd Circuit Court Judge Roy D. Gotham, 98th District Court Judge Anders B.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

Tingstad, Jr., Gogebic County Prosecuting Attorney Richard Adams, and administrative law examiner Wayne Groat. Plaintiff's claims against Judge Boykin are related to a sentence imposed by Judge Boykin for a misdemeanor conviction.

Plaintiff's claims against prosecutor Adams and Judges Tingstad and Gotham are related to Plaintiff's 2009 convictions for assault of a prison employee and inciting a riot at a state correctional facility. Plaintiff claims that Adams improperly prosecuted him for these offenses and Judges Tingstad and Gotham refused to allow him to present a defense.

Finally, Plaintiff argues that defendant Wayne M. Groat, an administrative law examiner, violated his right to due process in connection with his recommendation that Plaintiff be returned to prison after violating his parole.

Plaintiff seeks injunctive relief in the form of a new trial and monetary damages.

## II. Standard of Review

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

2

the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Mullins v. Smith*, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998). Even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, Plaintiff fails to state a claim upon which relief may be granted.

### III. Discussion

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481, (1994), *citing* Preiser, 411 U.S. at 488-90 (1973). If a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486-87. Here, Plaintiff's challenges to his sentence and the alleged improper restriction on his right to present a defense would necessarily imply the invalidity of his continued confinement. Plaintiff has not shown that his convictions or sentences have been overturned or declared invalid. Accordingly,

3

Plaintiff's claims are not properly filed under 42 U.S.C. § 1983.

Moreover, with respect to Plaintiff's claim for monetary damages from the judicial officer defendants, judicial officers enjoy absolute judicial immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978). Similarly, defendant Wayne M. Groat, the administrative law examiner who presided over Plaintiff's arraignment for the parole violation charges, is entitled to absolute judicial immunity in relation to actions within his authority as an administrative law examiner. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988). *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan.31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan.2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec.16, 1993) (same). Finally, the common law principle of absolute immunity for prosecutors applies to § 1983 claims. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. The allegations in the complaint demonstrate that all the actions for which the prosecutor is being sued were taken in the prosecutor's prosecutorial capacity. Accordingly, the prosecutor may not be sued for damages on the facts alleged in the complaint.

### IV. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against the defendants and that the defendants are entitled to immunity. Accordingly, **IT IS ORDERED** that Plaintiff's claims are summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b), with the exception of his *Heck*-related claims which are dismissed without prejudice.[2]

**IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 10, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Jesse J. Walton by electronic means or U.S. Mail on December 10, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk

---

[2] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).